# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:09-CR-0381-08** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **DUANE FASON** | : | |

## **ORDER**

AND NOW, this 18th day of April, 2012, upon consideration of the motion to reconsider sentence *nunc pro tunc* (Doc. 426) filed by defendant Duane Fason ("Fason") on October 25, 2011, wherein Fason asks the court to reconsider the imposition of Fason's federal sentence to run consecutive to the sentence imposed for Fason's state parole violation stemming from the instant federal conviction,[1] and it appearing that the court sentenced Fason on March 16, 2011 (see Docs. 370, 371), and it further appearing that at the time of sentencing the court determined

---

[1] Fason states that the Pennsylvania Board of Parole sentenced him to 18 to 60 months imprisonment for his state parole violation plus an additional 60 months of state parole. (Doc. 412, at 2). Fason asks that the court order his federal sentence to run concurrent to his state parole violation sentence.

that Fason's federal sentence shall run consecutive to his state sentence,[2] and the court finding that "[g]enerally, a district court may not alter a term of imprisonment once it has been imposed," United States v. Wise, 515 F3d 207, 220 (3d Cir. 2008), and it appearing that pursuant to 18 U.S.C. § 3582 and Federal Rule of Criminal Procedure 35, a judgment of conviction is a final judgment that may be modified in very limited circumstances, see 18 U.S.C. § 3582(b) (finality of judgment of conviction); id. § 3582(c) (permitting modification of a term of imprisonment only upon motion of the Director of the Bureau of Prisons in exceptional circumstances, pursuant to statute or Rule 35 of the Federal Rules of Criminal Procedure, or in cases in which defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission); FED. R. CRIM. P. 35 (permitting the court to correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days of sentencing), and the court

---

[2] United States Sentencing Guideline § 5G1.3 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. The application notes instruct that when a defendant is on federal or state probation, parole, or supervised release at the time of the instant offense and has such probation, parole or supervised release revoked, "[c]onsistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3 cmt. (3)(C). In the Third Circuit, Sentencing Guideline commentary or application notes are considered authoritative unless they violate the Constitution, a federal statute or are plainly erroneous or inconsistent with the regulation. United States v. Lianidis, 599 F.3d 273, 278 (3d Cir. 2010) (quoting Stinson v. United States, 508 U.S. 36, 45 (1993).

concluding that none of those circumstances exist in the instant matter,[3] it is hereby

ORDERED that the motion to reconsider sentence *nunc pro tunc* (Doc. 426) is

DENIED.

                                          S/ Christopher C. Conner  
                                          CHRISTOPHER C. CONNER  
                                          United States District Judge

---

[3] Moreover, assuming *arguendo* that the court could reconsider its imposition of Fason's federal sentence to run consecutive to his state sentence, the court would not. Under the sentencing guidelines the Commission recommends that the sentences run consecutively, and the court accords that recommendation controlling weight under the particular circumstances of this case, recognizing (of course) the advisory nature of the same. See supra n.2.